# MANDATE

08-4071-cv
Kenmore Associates, L.P. v. Burke

SDNY  08-cv-2431(GBD)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 15, 2010

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17ᵗʰ day of February, two thousand ten.

PRESENT:

    ROSEMARY S. POOLER,
    DEBRA ANN LIVINGSTON,
        Circuit Judges,
  DENNY CHIN,[*]
        District Judge.



----

Kenmore Associates, L.P., Housing & Service, Inc., Norris, McLaughlin & Marcus,

        Plaintiffs-Appellees,

      v.                          08-4071-cv

Brian Burke,

        Defendant-Appellant.

----

FOR APPELLANT:       Brian Burke, pro se, New York, New York.

FOR APPELLEES:       Dean M. Roberts, Norris, McLaughlin & Marcus, P.A., New York, New York.

----

[*] Denny Chin, of the United States District Court for the Southern District of New York, sitting by designation.

MANDATE ISSUED ON 03/12/2010

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, J.).

**IT IS HEREBY ORDERED** that the judgment of the district court be **REVERSED** and the matter **REMANDED** with instructions.

Appellant Brian Burke, pro se, appeals from a judgment[1] of the district court denying his "attempt to remove" a state court matter to the district court and dismissing the case. We assume the parties' familiarity with the case.

"[R]emoval is effected by the defendant taking three procedural steps: filing a notice of removal in the federal court, filing a copy of this notice in the state court, and giving prompt written notice to all adverse parties." 14 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3736 (4th ed. 2009) (footnote omitted); see 28 U.S.C. § 1446(d). In the present case, it is undisputed that Appellant took each of these three steps, and thus that the case was properly removed as a procedural matter. Although the district court correctly determined that it lacked subject matter jurisdiction over the case, see Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003), the court purported to "deny" Appellant's "attempt to remove this matter," rather than remand the case to state court. This was error. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." (emphasis added)); see also Parker v. Della Rocco, 252 F.3d 663, 666 (2d Cir. 2001) (per curiam) (noting that "§ 1447(c)...addresses the consequences of a jurisdictional flaw, i.e., it mandates a remand rather than a dismissal" (emphasis in the original)). Accordingly, we **REVERSE** the district court's judgment and **REMAND** with instructions for the district court to remand the matter to state court. We take no view on whether the pendency of this appeal tolled Appellant's time to appeal the housing court judgment, or on Appellant's entitlement to relief in the state appellate courts based on the fact that the state proceeding continued to judgment after it had been removed.

Appellant's motions to submit corrected briefs, to strike the Appellees' brief and opposition, and for sanctions, injunctive relief, admission of documents, and a subpoena duces tecum are **DENIED.**

FOR THE COURT:

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

Catherine O'Hagan Wolfe, Clerk

---

[1] While no separate judgment was entered in this matter, the dismissal order was entered in July 2008 and under the 2002 amendments to Federal Rule of Civil Procedure 58 and Federal Rule of Appellate Procedure 4(a)(7), if a required separate judgment is not entered, it is deemed to have been entered 150 days after entry of the dispositive order.